Good morning. May it please the court, I'm Nikhil Shah, counsel for the petitioner. The issues that are in this case is whether the Board of Immigration Appeals abused its discretion when it denied the petitioner's first motion to reopen based on special rule cancellation, ineffective assistance of counsel, and changed country conditions for purposes of asylum withholding and withholding under the Convention Against Torture, and whether they abused its discretion when they denied his second motion based on changed country conditions for purposes of withholding of removal under the Convention Against Torture. The first motion was based on special rule cancellation as the petitioner asserted that he was subjected to psychological and extreme cruelty by his ex-wife, Jennica Combs, his now ex-wife, and within the context of the special rule cancellation, the motion to reopen brought up arguments that the petitioner's duties as part of the military in Peru did not constitute persecution. Contrary to what the Board said, our office did not ask to relitigate his prior asylum claim, but we brought up the issue of persecution within the context of the special rule cancellation. For special rule cancellation, as the Court is aware, the one-motion rule does not apply, and it can be filed untimely as long as the petitioner shows that there are extraordinary circumstances and there is extreme hardship to his or her children. We demonstrated that in the motion, but the BIA just focused on the issue of persecution. We did cite Naguiz's – I'm confused. You can't get the special rule cancellation if he was a persecutor, is that right? Yes, Your Honor. So you need to establish that he wasn't a persecutor? Yes, Your Honor. So you are relitigating the question of whether he was a persecutor? Within the context of his special rule cancellation. It's the same issue. Is it a different issue? It's the same issue, but there have been updates in the case law, but it is in the context of the special rule cancellation. But you are seeking to relitigate if something was already decided? Within the context of the new relief that he qualified for. What does the context have to do with anything? Because he did not qualify for the relief in the first instance when his case was decided originally, and this was new relief that he applied for. And so we had to bring up this issue again. But you don't have to relitigate the merits of it because it's already been litigated? It had been litigated, yes. We did mention that there was a new case, the Supreme Court case in Neguiz, which included a possibility of a juror's exemption for the persecutor bar. We did provide evidence that the petitioner, as he was part of the military in Peru, was forced into the military service. There was mandatory conscription in Peru. Conscientious objection was not allowed. And we did bring it in the context of the Neguiz case. We also brought up the Kumar case, which this court decided, where the court relied on a two-pronged test to determine if someone was a persecutor, whether their duties were active or passive, or whether they were material. And we provided proof with the motion that the petitioner's activities in Peru, where he was in several different positions as an errand boy and as a guard, were not material and not passive, that they did not contribute to the torture or persecution of anybody, that he basically was not able to leave the military because of the forced conscription laws in Peru, and left the military as soon as he was able to use an excuse of his father being diagnosed with cancer to leave the military. Even in the original proceedings, the expert that testified, Mr. Thomas Mockeys-Davies, Jr., a professor who was a country conditions expert in Peru, said that if the petitioner had objected or tried to withdraw from his service, it would have had no effect on the torture that would have been committed on the individuals, the Shining Path members, and that if he had objected, the expert further stated that he would have faced imprisonment or death. What do you point to as new evidence? The new evidence in the context of the second motion is we provided... I thought we were still talking about the first motion. Oh, the first motion. In the first motion, we provided a declaration from the petitioner, which explained some of these issues. And then the first... But none of the... What... The evidence has to be not only new, but not available in the first place, right? Yes. Yes. So what is new that wouldn't have been available back when the persecutor issue was adjudicated? Within the first motion, we just brought up the new case law. The first motion just dealt with the battered spouses for the most part, and we just brought evidence of that. In effect, the petitioner was trying to gather new evidence for his motion, but because he was detained and his daughters were minors, were the only people who were able to help his case, we weren't able to provide any proof with the first motion. We were only able to provide the proof. But in the second motion, everything that was provided would have been available back in 1994 or whenever it was. Yes, Your Honor. And that's one of the reasons we brought up the ineffective assistance of counsel claim against Stephen Alexander, because Mr. Alexander was aware that the petitioner was able to provide this evidence, but he never submitted it with the motion to reopen that he prepared for the court. The motion to reopen. Yes. He provided a first motion to... Even then, it still had to be provided, not at the time of the motion to reopen, but at the time of the original adjudication. Yes. And we actually discussed this issue with even his attorney that represented him during the original merits proceedings. Unfortunately, because the file was old, he couldn't really comment on it. But yes, it would have been his duty as well to provide this. And for some reason, they didn't provide it. And the evidence would have been available. If the petitioner was not detained, he said he would have been able to readily provide this information. But at that time, he said that he insisted that he involuntarily joined and that he wanted to be in the military, right? But Your Honor, the evidence that we submitted seemed to contradict it. He was enthusiastic, he asserts. He asserts that there was mistranslation and miscommunication because he testified in English. And at that time, Spanish was his language of choice. And he asserts that there was miscommunication, but he was enthusiastic. I mean, he was looking forward to it because he grew up with this very rosy picture of the Peruvian military. But even if he did not want to join the military in Peru, he would not have had a choice. There was false conscription in Peru until 1999. And so the articles that have also been provided show that prior to 1999, there was no alternative service to the military in Peru, and Conchita's objection was not recognized. Even the courts have recognized that. Is there any case law that says that just because of conscription, anything you do while you're in the military is not persecution? Not per se, Your Honor. I mean, Neguiz did recognize that that could possibly be a defense, but there hasn't been anything specific. Just conscription could be a defense? Just, I guess, duress, duress. And it has to be duress. But in Neguiz, he was conscripted into the military as well and couldn't leave. And the courts have decided cases that in the 1980s, within the context of the Civil War that was going on in Central and South America, between leftist rebels and usually right-wing governments, that many people that did engage in Conchita's objection were in fact tortured. Those are the cases that were available. It was Ramos-Vazquez v. INS, 57 F3D, 857, and Barraza-Rivera v. INS, 913 F3D, 1443, from 1990. The other issue in this case was whether the petitioner was subjected to ineffective assistance of counsel and whether he acted with due diligence. When he asked to resign from the military, finally, he was allowed to resign, right? Only because his father was sick with cancer, and that was the only excuse that they allowed him to use. His father was not sick prior to that time, and he asserts that he tried, but he did not find any other legitimate excuse to leave the military. And they wouldn't allow him to. And he says that if he had, he would have been targeted, especially because members of his family had joined the Shining Path Movement, and the Peruvian military would have associated him with those family members. So, within the context of the ineffective assistance of counsel, Mr. Alexander submitted a three-page motion for him in 2000. It didn't really discuss any of the issues that we just addressed to the court about the persecutor, Barr, or provide the additional evidence that showed that there was mandatory conscription in Peru, and any desertion from the military would have resulted in the petitioner being tortured. The motion didn't even establish that he was prima facie eligible for any relief. It didn't go into the details, and Mr. Alexander did not inform the petitioner that his motion had been denied. The petitioner asserts that in 2007, he married his ex-wife, Janneka Combs, and she hired an attorney that said that he was going to change his status through her, and he was only able to discover the fraud until he was arrested in 2011 by ICE officials. The court in Varela has held that if someone files a worthless motion and falsely labels it pro se, as was the case here, that it is something that does constitute ineffective assistance of counsel, and it does allow for numeric tolling. And in the second motion, we also brought up the issue of change. In the first and second motion, we did bring up the issue of change country conditions, and – You're out of time. Oh, yes. Sorry. I just – I lost track of time. Yes. Good morning, Your Honors. May it please the Court. My name is Juria Jones. I represent the Attorney General of the United States. It's important to take a step back and look at the procedural posture of this case. What's before this Court is a denial of an untimely motion to reconsider and an untimely numerically barred motion to reopen. The Board correctly determined that Petitioner, as he had conceded, was relitigating the legal determination whether or not he was a persecutor. And the only way he could relitigate that is a motion to reconsider, not a motion to reopen. In that case, a motion to reopen – He could file a motion to reopen if he met the conditions for motions to reopen, I suppose. If there were new facts that would materially change his eligibility for relief, but in this particular case, it's the correction of a legal error because it would have to be – since that's a legal determination of whether or not he's statutorily ineligible for asylum because of the persecutor bar, it would have to be a motion to reconsider, which the Board properly considered that's the case. And in that case, it has to be filed within 30 days. The only way a motion to reconsider at that point could be considered would be sua sponte. And the Board, in this case, decided not to sua sponte reconsider it because Petitioner, contrary to his argument, provided no proof or evidence in his motion to reopen that Ngousi was even applicable in this particular case. He cited Ngousi for the proposition that Ngousi was conscripted, but that's not the holding of Ngousi. Ngousi deals with duress and coercion. And based upon the facts of this case and based upon the lack of new evidence he provided in his motion to reopen – motion to reopen and motion to reconsider, the Board correctly determined that sua sponte reconsideration was not warranted in this case. With regards to – and then, furthermore, with regards to his motion to reopen, not withstanding the fact that he claims IAC asylum and withholding of removal, he's ineligible for this relief. And that's exactly what the Board said in its decision, that he is ineligible to receive asylum, withholding of removal, as well as the battered spouse because he is ineligible based upon 229B2A4, which he has to demonstrate that he is not inadmissible. And he is inadmissible as a persecutor. So contrary to Petitioner's argument, this is not about what evidence he's provided. It's about the matter of the fact that he's not prima facie eligible for any of the relief that he's seeking because he is a persecutor. He's been removed already? Not to my knowledge, Your Honor. I – we checked – I checked before I left D.C. and he hasn't been removed. He's – he's no longer detained, but we believe he's still checking in with ICE at this particular point. What do you say about the ineffective assistance argument? It doesn't – I mean, that's – the only reason you bring that up is to toll the matter, and the Board said it doesn't matter if you toll it, you're ineligible for any relief that you'd be seeking in the last instance. So – Wait, that's circular. I mean, the ineffective assistance goes to the persecutor issue, right? No, he's claiming the ineffective assistance of counsel goes to the motion to reopen that was filed after the Ninth Circuit decided that substantial evidence supports the persecution finding. Right. He says that – I mean, that was the one major problem I had with your brief, which seemed to claim that there was a collateral estoppel problem, that he couldn't reopen it. That doesn't make any sense because that's what a motion to reopen is, it's to redo the earlier decision. So the question is whether there was a basis for redoing the earlier decision, and my understanding of what he's arguing is that – that because of ineffectiveness, he would have filed a good motion to reopen, but because it wasn't effective, he filed a bad motion to reopen. Is that basically what he's arguing? But the basis of that – but it's – Ngozi didn't exist when the motion to reopen – I understand that, Ngozi, but he is claiming that otherwise there was other evidence. So the answer has to be no, there isn't, not that it's precluded because he was already determined to be a persecutor, right? In other words, there has to be a merits – did the BIA ever make a merits decision saying either there wasn't an effective assistance of counsel or there – even if we assume tolling, he hasn't now presented any evidence that would lead us to reopen. Right, that's the latter. Even assuming that tolling was applicable, even assuming that he received an effective assistance of counsel, there is no eligibility for him because he's prima facie ineligible for leave. I see what you're saying is that – It doesn't make sense. He is trying to demonstrate that he is not prima facie ineligible for relief by trying to present new evidence. Now, that's a very limited – that evidence has to be evidence that wasn't available in the first place and it would be a perfectly good answer to say, well, this is not evidence that would lead us to reopen, but it's not a perfectly good answer to say we already decided this. But the problem is that he's never presented evidence that wasn't available in his first period. All right, well, that's the answer. It's not that they've already decided it. Correct, Your Honor. I may have misunderstood, but that is correct. That's the prime – his testimony repeatedly said that he volunteered, he volunteered, he volunteered. He provided no evidence of duress and coercion. He provided no evidence of the matter that this court, the board, and the IJ erred in determining he's a persecutor. It was only 12 years after the fact and after Negussie that all of a sudden this new information arises, that all of a sudden now there's this conscription that he couldn't get out of the – and that was never provided at any point whatsoever until after the fact. So it's how many times can this petitioner get a bite to the apple to reformulate and re-litigate the same argument that's before the court? And so that's why the IAC claim, the asylum, the changed country conditions, all of that doesn't matter because he's not prima facie eligible for any of the relief he seeks. So assuming he does bring forth a right claim, he's still not eligible for that relief. To – oh, sorry, go ahead. Go ahead. So to further conclude, then this court would say that this court lacks jurisdiction to review the sua sponte reconsideration denial, as well as the board did not abuse its discretion in denying the motion – the untimely and numerically barred motion to reopen. If there are no further questions.  Thank you. Thank you. Thank you. Yes, sir. We'll give you one minute of rebuttal if you have anything to say, but you don't have to use it. Your Honor, so I would like to address some of the issues. We did base the motion on ineffective assistance of counsel and we did specifically mention that part of the – That was with regard to the motion to reopen, right? I'm sorry, Your Honor? It was with regard to the motion to reopen. Yes, Your Honor. Not with regard to – so you would have to demonstrate that you had a good motion to reopen. You had to have new evidence that couldn't have been presented originally and I still don't know what that was. The new evidence was that there was forced conscription military laws in Peru and for some reason – That's not new, though. It wasn't new, but it wasn't introduced or properly put in the context. Mr. Davies, the expert, did allude to it, but it wasn't brought up in the proper context with his proceedings. But you haven't shown an effectiveness with regard to the original hearing. We tried to, but we couldn't contact the – But you didn't. We didn't. The net result is you didn't. We didn't. But – and we also brought up relief in the form of deferral of removal under the Convention Against Torture, where even if he was found as a persecutor, he would still qualify for that relief. And what's new about that? The deferral of removal was something that came after the – after the merit proceedings was decided. I see. Okay. Thanks, Your Honor. Thank you. Thank you. Silva-Toro v. Lynch is submitted and we'll go on to Angel v.
judges: Berzon, Owens, Davis